Dear Mr. Bourgeois:
We are in receipt of your request for an Attorney General's Opinion regarding municipal elections in the Village of Slaughter. You seek an opinion on the following questions:
 1. Since the voting precinct for the Village of Slaughter is housed in the municipal building I am needing an opinion on whether the town offices need to be closed during the voting since the municipal offices are locked off the day before, the day of, and the day after an election. I specifically need to know if this is acceptable during a municipal election?
 2. Does the mayor have the right to close the municipal office due to a municipal election without board of alderman knowledge or approval?
 3. Does an incumbent running for re-election have the right to go into his/her office or any municipal office during a municipal election?
 4. During a municipal election, does an incumbent running for reelection have to remain 600 feet from the voting area?
 5. Does the clerk of court of East Feliciana Parish have the authority to prohibit town officials, running for re-election from entering or using their administrative office during an election?
R.S. 18:533 provides for the establishment and location of polling places, in pertinent part, as follows:
 B. Location. (1) Except as otherwise provided in this Subsection, the polling place for a precinct shall be located in the precinct in a suitable public building and all public bodies are hereby required to allow the use of public buildings as voting precincts without cost or charge when the parish governing authority requires it. If no public building is available, then a precinct may be located on private property. . . .
Our research does not reveal any law which requires the closing of the public building during an election. of course, most of our elections occur on Saturdays, which is a holiday for public entities, and consequently public buildings are not open for business during an election. Therefore, in response to your first question, it is our opinion that a municipal building may continue it's regular hours of business, even if that means being open during an election.
With regard to your second question, R.S. 33:404 provides that the mayor has the power to "[s]upervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinancesadopted by the board of aldermen and with applicable provisions ofstate law . . .". (Emphasis added). It is therefore our opinion that you do not have the power to close the municipal office due to a municipal election without board of aldermen action.
With regard to your third and fourth questions, R.S. 18:1462
prohibits any person from remaining within any polling place or place wherein absentee voting is being conducted or within a radius of 600 feet of the polling place, except to exercise the right to vote. Even though a public building is designated as a polling place, we are of the opinion that R.S. 18:1462 does not contemplate the prohibition of an elected official who is running for re-election from going to and from his office within the public building during an election. The candidate may not loiter or linger around the actual polling place itself, but certainly is not prohibited from going to his office in the public building that is a polling place to perform his job. The purpose of the 600-foot prohibition is to prohibit persons from loitering in and around a polling place.
With regard to you fifth question, we do not know of any law which grants a clerk of court the power and/or authority to prohibit town officials who are also running for re-election from entering or using their administrative offices during an election. As stated earlier, since the purpose of the 600-foot statute is to prohibit loitering in and around a polling place, candidates should go to the polls to vote and then leave. However, if they also work in the public building that is a polling place, after voting they should go to their office and not remain and/or loiter around the actual polling place.
If an elected official who is running for re-election abuses this situation, the commissioner-in-charge or the registrar has the authority to direct the candidate to leave the premises, and if that does not work, to call in law enforcement to handle the matter. R.S.18:1462.
We hope that this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
__________________________ ANGIE ROGERS LAPLACE Assistant Attorney General RPI/ARL;cwr